IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FIRESTONE BUILDING PRODUCTS**                      **PLAINTIFF**
**COMPANY, LLC**

**V.**                                            **CAUSE NO. 3:10-CV-00375-CWR-LRA**

**EUGENE FRAZIER AND TRI-MISS**
**SERVICES, INC.**                                                   **DEFENDANTS**

**ORDER STRIKING ANSWER AND GRANTING DEFAULT JUDGMENT**

The above-styled matter is before the Court on the Motion to Strike Answer of Defendant Eugene Frazier and Motion for Entry of Default Pursuant to Fed. R. Civ. P. 37.[1] The Court has reviewed the arguments in support of that filing and has endeavored to compel a response in opposition from defendant Eugene Frazier. However, Frazier's insistence not to participate in this litigation is now clear, and accordingly, the Court grants the motion at hand.

This case began on July 2, 2010, when Firestone Building Products Company, LLC (hereinafter "Firestone") sued Eugene Frazier for conversion.[2] At the time, Frazier was represented by attorney Sanford E. Knott, who filed an Answer[3] on Frazier's behalf on July 29, 2010. Discovery ensued, but Firestone apparently received little cooperation from Frazier. According to Firestone, Frazier was requested "[o]n numerous occasions"[4] to submit to

---

[1] Motion to Strike Answer of Defendant Eugene Frazier and Motion for Entry of Default Pursuant to Fed. R. Civ. P. 37 [Docket Nos. 74, 75].

[2] Complaint [Docket No. 1] at 3.

[3] Answer to Complaint [Docket No. 7].

[4] Memorandum Brief in Support of Motion to Strike Answer of Defendant Eugene Frazier and Motion for Entry of Default Pursuant to Fed. R. Civ. P. 37 [Docket No. 76]

1

depositions, but to no avail. In May 2011, attorney Knott moved to withdraw as counsel after Frazier "failed or refused to maintain contact with" Knott,[5] and when Magistrate Judge Anderson heard the motion on May 27, 2011, Frazier did not appear.

Afterward, Firestone noticed[6] Frazier's deposition for August 16, 2011, and after Frazier failed to appear,[7] the magistrate judge ordered Frazier to respond to the ensuing motion to compel.[8] He did not, and the magistrate judge granted the motion.[9]

On October 17, 2011, Firestone again noticed[10] Frazier's deposition. Again, Frazier did not appear.[11] Finally, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Firestone moved to strike Frazier's Answer on November 11, 2011.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure empowers courts to remedy litigants' failures to comply with discovery guidelines. Under Rule 37, a party's failure to obey an order to

---

(hereinafter "Firestone's Brief") at 2. Notably, this brief is styled as one requesting an "entry of default" rather than a default judgment, but the body of the brief requests an "entry of default judgment" on at least two occasions. *See* Firestone's Brief at 1, 6. Therefore, the typographical error appears to lie with the styling, and the Court treats the matter as one ultimately requesting a default judgment.

[5] Motion to Withdraw as Counsel [Docket No. 34] at 1.

[6] Notice of Deposition of Eugene Frazier [Docket No. 50].

[7] *See* Motion to Compel Deposition of Defendant Eugene Frazier [Docket No. 59] at 1.

[8] Order [Docket No. 65].

[9] Order [Docket No. 71].

[10] Re-Notice of Deposition of [Docket No. 72].

[11] Firestone's Brief at 3.

provide or permit discovery may expose the litigant to any number of sanctions, including "striking pleadings in whole or in part[.]"[12] Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue.[13] But whatever the penalty to be imposed, "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[14]

In the case at bar, Frazier is not guilty merely of zealously resisting a valid discovery request; he has been accused of altogether refusing to participate in this litigation, and he has repeatedly forgone opportunities to rebut that accusation. To put it another way, Frazier has not simply played hardball; instead, for months on end, he has not even been seen at the ballpark. In a Text Order entered on December 21, 2011, this Court warned Frazier that if he failed to submit responses to Firestone's outstanding motions, then it could rule on the motions without the benefit of his input. But even if Frazier had responded, it is difficult to imagine how he could have explained his ongoing dereliction. The record in this case, stretching back even before his former attorney's withdrawal, supports Firestone's representation that over the 18-month life of this case, Frazier simply has not participated to any meaningful degree.[15]

The Fifth Circuit has held unequivocally that Rule 37 "provides that a default judgment

---

[12] Fed. R. Civ. P. 37(b)(2)(A)(iii).

[13] *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997).

[14] *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).

[15] Attorney Knott's filing of Frazier's Answer stands as the sole notable exception to this observation.

may be entered if a party fails to . . . permit discovery. Although judgment by default is considered an extreme sanction, if a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice to enter a default judgment is not an abuse of discretion."[16] Frazier's willful refusal to comply with the orders of this Court demonstrates that no written command will compel his participation. Although judgment by default is rarely an appropriate penalty for discovery violations, Frazier's behavior has contorted this matter into one of those rare cases.

Therefore, Firestone's prayer for relief is granted. Frazier's Answer is stricken, and judgment by default is entered in favor of Firestone. A separate Final Judgment will be entered memorializing the same.

SO ORDERED this Twenty-Fifth day of January 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[16] *United States v. Dajj Ranch*, 988 F.2d 1211, *2 (5th Cir. 1993). *See also United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (in granting sanction of default judgment, court must be satisfied that the party's violation was willful and must find that "a lesser sanction would not substantially achieve the desired deterrent effect.")